IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WISCONSIN; WISCONSIN ELECTIONS COMMISSION; and MEAGAN WOLFE, in her official capacity as the Interim Administrator of the Wisconsin Elections Commission,<br><br>Defendants. | Civil Action No.: 18-cv-471 |

## CONSENT JUDGMENT AND DECREE

Plaintiff, United States of America, initiated this action against the State of Wisconsin; the Wisconsin Elections Commission; and Meagan Wolfe, in her official capacity as the Interim Administrator of the Elections Commission (collectively, "Defendants"), to enforce the requirements of the Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA"), 52 U.S.C. §§ 20301 *et seq.*

The United States alleges that Defendants, through Wisconsin laws and election administration procedures, do not provide Wisconsin voters who temporarily reside overseas the protections to which they are entitled under UOCAVA. The United States and Defendants, through their respective counsel, have conferred and agree that this action should be settled without the delay and expense of litigation. The parties share the goal of ensuring that all of

Wisconsin's eligible U.S. citizens are afforded the voting guarantees of UOCAVA. The parties have negotiated in good faith and hereby agree to the entry of this Consent Decree as an appropriate resolution of the UOCAVA claim alleged by the United States. Accordingly, the United States and Defendants stipulate and agree that:

1. For purposes of this agreement, the phrase "temporary overseas voters" is defined to mean Wisconsin voters who "reside[ ] outside the United States," within the meaning of 52 U.S.C. § 20310(5)(B) and (C), and who intend to return at some point in the future to Wisconsin.

2. The Attorney General is authorized to enforce the provisions of UOCAVA, 52 U.S.C. § 20307, and brings this action for declaratory and injunctive relief to ensure that Wisconsin's temporary overseas voters will have the protections guaranteed by UOCAVA in Wisconsin's 2018 elections for Federal office and in future elections for Federal office.

3. This Court has jurisdiction pursuant to 52 U.S.C. § 20307 and 28 U.S.C. §§ 1345 and 2201.

4. Defendant State of Wisconsin (the "State" or "Wisconsin") is covered by UOCAVA and has the responsibility of complying with its requirements. 52 U.S.C. § 20302.

5. Defendant Wisconsin Elections Commission ("Elections Commission") is responsible for administering laws in the State regarding elections. Wis. Stat. § 5.05(1).

6. Defendant Meagan Wolfe is the Elections Commission's Interim Administrator and is sued in her official capacity. The Administrator also serves as the State's Chief Election Officer. Wis. Stat. § 5.05(3g).

7. UOCAVA guarantees absent uniformed services voters and overseas voters (collectively, "UOCAVA voters") the right to "use absentee registration procedures and to vote by absentee ballot in general, special, primary, and runoff elections for Federal office." 52

U.S.C. § 20302(a)(1). The statute requires that states afford a number of specific protections for all UOCAVA voters, including the option to receive their blank absentee ballots by mail or electronically, and the ability to use Federal write-in absentee ballots to vote in Federal elections. 52 U.S.C. § 20302(a).

8. UOCAVA requires states to establish procedures to transmit blank absentee ballots to UOCAVA voters by mail or electronically in accordance with the transmission method the voters designate. 52 U.S.C. § 20302(a)(7), (f)(1).

9. UOCAVA requires states to permit UOCAVA voters to use the Federal write-in absentee ballot as a back-up measure to vote in elections for Federal office if the voters have made timely application for, and have not received, the absentee ballots from their states. 52 U.S.C. §§ 20302(a)(3), 20303(a).

10. UOCAVA defines an "overseas voter" as (1) an absent uniformed services voter who, by reason of active duty or service is absent from the United States on the date of the election involved; (2) a person who resides outside the United States and is qualified to vote in the last place in which the person was domiciled before leaving the United States; or (3) a person who resides outside the United States and (but for such residence) would be qualified to vote in the last place in which the person was domiciled before leaving the United States. 52 U.S.C. § 20310(5). The federal law does not distinguish between those overseas voters who reside overseas indefinitely and those who reside overseas temporarily and intend to return to the United States. *See id.*

11. Wisconsin's statute governing federal overseas voting defines an "overseas elector" as "a U.S. citizen who is not disqualified from voting under [Wis. Stat. §] 6.03, who has attained or will attain the age of 18 by the date of an election at which the citizen proposes to

vote and who does not qualify as a resident of [Wisconsin] under [Wis. Stat. §] 6.10, but who was last domiciled in [Wisconsin] or whose parent was last domiciled in [Wisconsin] immediately prior to the parent's departure from the United States, and who is not registered to vote or voting in any other state, territory or possession." Wis. Stat. § 6.24(1). Under that definition, a person who qualifies as a resident of Wisconsin under Wis. Stat. § 6.10 is not an overseas elector.

12. Wisconsin Stat. § 6.10 provides the standards governing residence as a qualification for voting in Wisconsin. Under Wis. Stat. § 6.10(1), "[t]he residence of a person is the place where the person's habitation is fixed, without any present intent to move, and to which, when absent, the person intends to return." According to that residency standard, a person who has a fixed habitation in Wisconsin to which, when absent, the person intends to return qualifies as a Wisconsin resident for voting purposes.

13. It follows from Wis. Stat. §§ 6.10(1) and 6.24(1) that a temporary overseas voter as defined in this agreement is not an overseas elector as defined in Wis. Stat. § 6.24(1). As a result, the protections that Wisconsin affords to overseas electors under Wis. Stat. § 6.24, are not afforded to temporary overseas voters. For the same reason, Wisconsin does not afford temporary overseas voters the protections guaranteed to them under UOCAVA. Instead, the Wisconsin statutes treat temporary overseas voters the same as other Wisconsin absentee voters who are unable or unwilling to cast an in-person ballot on Election Day, but are not located outside the United States.

14. Wisconsin's exclusion of temporary overseas voters from its statutory definition of "overseas elector," deprives temporary overseas voters of two of the protections they are entitled to under UOCAVA, specifically:

- 4 -

(a) Wisconsin fails to ensure that temporary overseas voters are afforded the option to receive their blank ballots electronically, in violation of UOCAVA's mandate that states guarantee that option to all UOCAVA voters. 52 U.S.C. § 20302(a)(7); and

(b) Wisconsin fails to permit temporary overseas voters to utilize Federal write-in absentee ballots to cast votes, in violation of UOCAVA. 52 U.S.C. §§ 20302(a)(3), 20303(a)(1).

15. In addition, 2011 Wisconsin Act 75 prevents municipal clerks from faxing or emailing absentee ballots, except to military electors or those classified as permanent overseas electors. Although a 2016 federal court order enjoined the State from prohibiting municipal clerks from sending absentee ballots by fax or email on grounds that the provision is unconstitutional, see *One Wisconsin Inst. v. Thomsen*, 198 F. Supp. 3d 896, 948 (W.D. Wis. 2016), Wisconsin has appealed that order. While the appeal has been pending, the Elections Commission issued guidance indicating that providing absentee ballots electronically to regular absentee voters—which includes temporary overseas voters—is optional. *See* Frequently-Asked Questions – Implementation of Decision in *One Wisconsin Institute* Case, August 26, 2016, *available at* http://elections.wi.gov/node/4078.

16. The next Federal election scheduled in Wisconsin is the August 14, 2018 Federal primary election. Under UOCAVA, the 45-day deadline for transmitting ballots to all eligible UOCAVA voters is June 30, 2018. *See* 52 U.S.C. § 20302(a)(8).

17. In order to avoid the burdens, delays, and uncertainties of litigation and to efficiently and expeditiously promote the parties' shared goal of ensuring that all Wisconsin's UOCAVA voters will receive the protections to which they are entitled under federal law, the parties agree that the Court should enter an order requiring Wisconsin to allow its temporary

overseas voters to vote in accordance with UOCAVA's requirements in all future Federal elections, including the Federal elections on August 14 and November 6, 2018.

18. In entering this agreement, Defendants are not committing themselves to any position regarding the meaning of the word "resides" as used in 52 U.S.C. § 20310(5)(B) and (C).

WHEREFORE, the parties having freely given their consent, and the terms of the Decree being fair, reasonable, and consistent with the requirements of UOCAVA, it is hereby ORDERED, ADJUDGED, and DECREED that:

(1) Defendants shall ensure that, in all future Federal elections, including the Federal elections on August 14 and November 6, 2018, all Wisconsin's UOCAVA voters, including those who are temporary overseas voters, (1) shall be afforded the option to receive their blank absentee ballots by mail or electronically, in accordance with 52 U.S.C. § 20302(a)(7); and (2) shall be permitted to use Federal write-in absentee ballots to cast votes, in accordance with 52 U.S.C. § 20302(a)(3).

(2) Defendants shall take such steps as are necessary to provide notice of this Court's order to all Wisconsin election officials with responsibilities for complying with UOCAVA. Upon entry of this decree, the Defendants shall promptly update the Wisconsin Elections Commission's website to reflect these changes and shall promptly issue guidance to local election officials. The guidance to local officials shall summarize their duties under this order, shall make it clear that this order supersedes any inconsistent previous agency guidance related to temporary overseas voters, and shall provide information for officials to contact the Elections Commission.

(3) Defendants shall take such steps as are necessary to afford temporary

overseas voters who qualify for protection under UOCAVA a reasonable opportunity to learn of this Court's order. Upon entry of this consent decree, the Defendants shall issue a press statement for immediate release, posted immediately on the Wisconsin Elections Commission's website and distributed to the Federal Voting Assistance Program (FVAP); USA Today International (http://www.usatoday.com); Overseas Vote Foundation (http://overseasvotefoundation.org); and any other newspaper or news media within Wisconsin that Defendants determine appropriate to reach UOCAVA voters from Wisconsin. The news release shall, at a minimum: (a) summarize this order and the protections to which UOCAVA voters, including temporary overseas voters who intend to return to the United States, are entitled; (b) identify the deadlines relevant to UOCAVA voters; and (c) provide appropriate contact information for the Wisconsin Elections Commission;

(4) The Defendants shall revise any forms, instructions, and materials used by the Elections Commission or provided by the Elections Commission to Wisconsin local election officials to reflect the ability of temporary overseas voters to receive their blank absentee ballots by mail or electronically and to use Federal write-in absentee ballots to cast their votes. The Defendants shall make their best effort to complete those revisions by September 20, 2018, and shall confer with the United States on the progress of the revisions.

(5) The Defendants shall take such actions as are necessary to assure that temporary overseas voters will receive all of the protections of UOCAVA in all future elections for Federal office, including proposing state legislation that complies with the requirements of UOCAVA as to temporary overseas voters and taking any administrative actions needed to achieve such compliance. The parties agree to confer periodically on the

implementation of this court order, and Defendants shall file with the Court a status report no later than May 1, 2019.

This Court shall retain jurisdiction over this action to enter such further relief as may be necessary for the effectuation of the terms of this Consent Decree and to ensure compliance with UOCAVA through January 31, 2020. The parties may move to terminate the order earlier, if the State has adopted legislation that complies fully with the requirements of UOCAVA as to temporary overseas voters. For good cause shown, any party may move to extend the consent decree or to reopen the case.

//

//

//

//

//

//

//

//

The undersigned agree to entry of this Consent Decree on June 19, 2018:

For the Plaintiff:

SCOTT C. BLADER
United States Attorney
Western District of Wisconsin

ANTONIO M. TRILLO
Assistant United States Attorney
United States Attorney's Office
Western District of Wisconsin
222 West Washington Avenue
Suite 700
Madison, WI 53703
Telephone: (608) 264-5158
Antonio.Trillo@usdoj.gov

JOHN M. GORE
Acting Assistant Attorney General
Civil Rights Division

*/s/ Kaycee M. Sullivan*

T. CHRISTIAN HERREN, JR.
JOHN A. RUSS IV
KAYCEE M. SULLIVAN
JASMYN G. RICHARDSON
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 305-6828
Kaycee.Sullivan@usdoj.gov

For the Defendants:

BRAD D. SCHIMEL
Wisconsin Attorney General

*/s/ Thomas C. Bellavia*

THOMAS C. BELLAVIA
Assistant Attorney General
Wisconsin State Bar No. 1030182
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857
Telephone: (608) 266-8690
Facsimile: (608) 267-2223 (Fax)
bellaviatc@doj.state.wi.us

*/s/ Meagan L. M. Wolfe*

MEAGAN WOLFE
Interim Administrator
Wisconsin Elections Commission
P.O. Box 7984
Madison, WI 53707-7984
Telephone: (608) 266-8175
Meagan.Wolfe@wisconsin.gov

So ORDERED
BY THE COURT

JAMES D. PETERSON
CHIEF JUDGE

Entered this 20th day of June, 2018.

Peter Oppeneer
Clerk of Court

-9-